UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:24-cr-0022-KKM-TGW

DANIEL LUIS RUPERTO CARRILLO,

    Defendant.
_____

## ORDER

    After compiling evidence consisting of controlled purchases, traffic stops, search warrants, and wire taps, the grand jury indicted Daniel Luis Ruperto Carrillo in Count One with conspiring to distribute and possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846. Superseding Indictment (Doc. 172) at 2 (Sup. Ind.). The indictment alleges that the Carrillo drug trafficking organization (DTO) was comprised of family members and others who supplied and distributed cocaine and methamphetamine. USA Resp. to Mot. to Dismiss (Doc. 340) at 2 (USA Resp.). The indictment alleges that Count One included 50 grams or more of methamphetamine and 500 grams or more of cocaine. Sup. Ind. at 2.

    Carrillo moves to dismiss on the basis that Count One is duplicitous because it contains two different controlled substances and therefore alleges two offenses. Mot. to Dismiss (Doc. 325) (MTD). His motion to dismiss is denied. Even if Count One is duplicitous, jury instructions and a special verdict form can address his concerns.

### I. BACKGROUND

The government began collecting evidence related to the DTO in October 2022. USA Resp. at 2. On October 18, 2022, federal agents executed a search warrant on a package shipped from San Juan, Puerto Rico, to the residence of Carrillo and Betsy Trinidad. *Id*. at 2. The package contained cocaine, as confirmed by a DEA laboratory. *Id*. at 3. The U.S. Postal Inspectors identified the sender of the package as a relative of Carrillo's. *Id*. Shortly after the intercepted package was mailed, the same sender sent another package of similar size and weight to Carrillo and Trinidad. *Id*.

From August 2023 to October 2023, undercover agents bought various quantities of cocaine from multiple sellers connected to Trinidad and Carrillo. *Id*. 3-5. In a few of these sales, the government observed Trinidad and Carrillo watching from their car. *Id*. at 3. Beginning in late October 2023, undercover agents also bought methamphetamine in multiple sales. *Id*. at 4. On December 7, 2023, a Pasco Sheriff's Deputy stopped a car driven by one of the sellers involved in the DTO. *Id*. at 5. A search of the car revealed methamphetamine in a purse on the front seat. *Id*. Phone records showed that multiple sellers were in contact with Trinidad and Carrillo. *Id*. Following wire interceptions by law enforcement, a Pasco Sheriff's Deputy conducted a stop of another person suspected of being involved in the DTO and found cocaine in the car. *Id*. The government then found evidence that Carrillo had sold the cocaine to the person who was stopped. *Id*. at 6. Based on this evidence and other information, a grand jury indicted Carrillo on January 11, 2024, and he now moves to dismiss Count One of the indictment. *See* MTD.

## II. LEGAL STANDARD

At the motion to dismiss stage, we accept the government's allegations in the indictment as true. *See United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986). Rule 8 of the Federal Rules of Criminal Procedure requires similar offenses to be charged in separate counts in an indictment. FED. R. CRIM. P. 8(a). Under Rule 8, "[a] count in an indictment is duplicitous if it charges two or more separate and distinct offenses." *United States v. Seher*, 562 F.3d 1344, 1360 (11th Cir. 2009) (quoting *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997)). In a duplicity challenge, "the key issue to be determined is what conduct constitutes a single offense." *Schlei*, 122 F.3d at 977.

## III. ANALYSIS

Generally, the "allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *Braverman v. United States*, 317 U.S. 49, 54 (1942) (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)). Carrillo argues that Count One is duplicitous because it contains a conspiracy to distribute both methamphetamine and cocaine, which have different mandatory minimum sentences. MTD. The government likens this charge to the one in *United States v. Ramos*, where the Eleventh Circuit held that a conspiracy charge to possess and distribute methaqualone was not duplicitous. USA Resp. 6-7; 666 F.2d 469, 473-74 (11th Cir. 1982). On its face, the charge here is more similar to the charge found to be duplicitous in *Siegel v. United States*, which charged the defendant with conspiracy to import cocaine and marijuana. 484 F. Supp. 553, 554 (S.D. Fla. 1980).

3

But the government's evidence is relevant, which reveals that the "conduct constitutes a single offense." *Seher*, 562 F.3d at 1360 (quoting *Schlei*, 122 F.3d at 977). The Court in *Ramos* found it relevant that, unlike in *Siegel*, there were no allegations, nor evidence, regarding more than one conspiracy. 666 F.2d at 473-74. Here, the government states that their "evidence portrays a single conspiracy among the members of one group." USA Resp. at 7. While Carrillo disagrees with that characterization, the indictment and evidence suggests only one conspiracy, with no indications of different conspiracies based on the substance type. *See* Sup. Ind. at 2; USA Resp. 2-6. Because at the motion to dismiss stage I must accept the allegations in the indictment as true, and the evidence does not support more than one conspiracy, Carrillo's allegations of two conspiracies are unfounded. *See Fitapelli*, 786 F.2d at 1463.

Carrillo's concerns about the risks of a non-unanimous jury verdict as to Count One are unwarranted. He explains that the cocaine and methamphetamine statutes require different mandatory minimums, so he risks being convicted of a ten-year sentence despite possibly only being found guilty of the five-year sentence—leading to a possible violation of *Alleyne v. United States*. 570 U.S. 99 (2013); MTD at 8-9. But, as the government noted, a special verdict form and unanimity instruction would remedy those concerns, even if Count One was duplicitous. *See United States v. Lynch*, No. 08-10078-CR, 2009 WL 10674928 at *1 (S.D. Fla. Aug. 27, 2009) ("The Defendant's concern about different sentencing scenarios. . .may be adequately addressed with a unanimity instruction and a Special Verdict Form."); *United States v. Zwiefelhofer*, No. 2:19-CR-150-SPC-NPM, 2023 WL 3726914, at *3 (M.D. Fla. May 30, 2023) ("Duplicity is not a fatal defect."

4

(quoting quoting *Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963))). Carrillo's citation to *United States v. Starks* does not rebut the efficacy of this remedy, since the court's concern in that case was the government not making an election between a conspiracy and attempt charge. 515 F.2d 112, 116-18 (3d. Cir 1975). Thus, the use of jury instructions and a special verdict form negate Carrillo's concerns.

IV.   **CONCLUSION**

Accordingly, Carrillo's motion to dismiss (Doc. 325) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 20, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge